IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA DEGROAT and GARY CLARK, : Plaintiffs : v. : PENNSYLVANIA DEPT. OF TRANSPORTATION, CHARLES DEFEBO, ERIN SODEN and ROBERT COLLINS, : Defendants | No. 3:08cv463 (Judge Munley) |

## **MEMORANDUM**

Before the court disposition is the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiffs Donna DeGroat and Gary Clark are employees of the Pennsylvania Department of Transportation (hereinafter "PennDot"). (Doc. 1, Complaint ¶ 1). The plaintiffs are engaged to be married. (Id.). PennDot employed plaintiff since December 1988. (Id. at ¶ 19). In the spring of 2005, plaintiff and others wrote a letter to the Governor and Lieutenant Governor of Pennsylvania regarding PennDot's disregard for public safety and complaining about mismanagement of local and regional PennDot functions by Defendant Robert Collins, the Pike County Maintenance Manager. (Id. at ¶ ¶ 8, 20). In August 2005, DeGroat confronted Defendant Collins regarding his sexual harassment of a college intern. (Id. at ¶ 21). Eventually, DeGroat was disciplined for the sexual harassment. (Id. at ¶ 22).

Defendant DeFebo, the Pike County Roadway Programs Coordinator and plaintiff's supervisor,  wrote plaintiff up for being late in October 2005,

although plaintiff was not late.  (Id. at ¶ ¶ 9,23).  DeFebo asserted that his superiors prompted him to wrongfully accuse Plaintiff DeGroat of lateness.  (Id.  at ¶ 24).  Other employees who actually were late were not counseled or disciplined.  (Id. at ¶ 25).  Other actions that DeGroat complains of are, *inter alia*, the moving of her desk to a position right next to the men's room, the denial of overtime and zealous overseeing of her work.  (Id. at ¶ ¶ 26 - 29).  Eventually, plaintiff sought medical attention for the stress, anxiety and other problems she experienced because of the defendant's treatment of her.  (Id. at ¶ 30).  In February 2006, plaintiff filed a complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") complaining of the treatment she was receiving.  (Id. at ¶ 31).   The adverse actions against her continued.  Eventually, Plaintiff Clark complained to Defendant DeFebo regarding the treatment of Plaintiff DeGroat.  (Id. at ¶ 43).   Plaintiffs assert that defendants retaliated against Clark for this confrontation.  (Id. at ¶ 44).  Plaintiffs assert that the treatment that they received from the defendants caused them to endure financial damages, as well as emotional suffering, embarrassment, humiliation, inconvenience and expense.  (Id. at ¶ 57).

      Plaintiffs accordingly instituted the instant action against the defendants.  The complaint asserts deprivation of plaintiffs' First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, as well as violations of the Pennsylvania Human Relations Act (hereinafter "PHRA") and Title VII of the Civil Rights Act of 1964.  The defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 28 U.S.C. § 1983 ("section 1983") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* for unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendants' motion raises three issues that we will address separately.

### I. Section 1983 action against the Commonwealth

First, the defendants argue that plaintiffs' complaint section 1983 claims against PennDOT are barred by Eleventh Amendment Immunity. Plaintiffs agree that the section 1983 claims are barred and clarifies the complaint by asserting that they did not intend to bring a section 1983 against the Commonwealth. As the parties are in agreement, to the extent

that the complaint can be read to assert a section 1983 action against the Commonwealth, the motion to dismiss will be granted.

## II. PHRA action against the Commonwealth

Next, the defendants assert that the PHRA does not subject Pennsylvania to suit in federal court. Plaintiffs disagree.

After a careful review, we agree with the defendants. The Commonwealth is subject to Eleventh Amendment immunity in federal court with regard to the PHRA claims. Williams v. Pennsylvania State Police Bureau of oLiquor control Enforcement, 108 F. Supp. 2d 460, 465 (E.D. Pa. 2000) (citing 42 Pa.C.S.A. § 8521(b) which reads: "Nothing in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Accordingly, the PHRA claim against the Commonwealth will be dismissed.

## III. Exhaustion

The final issue raised by the defendants is that the pliantiffs' Title VII claims fail because they have not exhausted their appropriate administrative remedies. Defendants argue that the plaintiffs are required to file a complaint with the EEOC and receive a "right to sue" letter in order to exhaust their administrative remedies. Plaintiffs agree that there is an exhaustion requirement. A right to sue letter is required for exhaustion of administrative remedies. Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 115 n. 14 (3d Cir.2003) ("[A] 'right-to-sue letter' will follow an exhaustion of agency remedies; notice of the latter being the actual prerequisite to a Title VII lawsuit." ).

Plaintiffs have presented two letters from the EEOC regarding their

"right to sue" letter.   These letters indicate that the right to sue letter must be issued by the Department of Justice in this case because the respondent is from the public sector.  The EEOC indicated that it would forward the request for a right to sue letter to the Department of Justice who would issue the right to sue letter.  (Doc. 10-2). [1] Accordingly, it appears that the plaintiffs have done all they can at this point to obtain their right to sue letter.

Thus, Plaintiffs have presented evidence that a right-to-sue letter will be forthcoming, but not the actual "right to sue"letters.  The correspondence from the EEOC was sent to the plaintiffs in June 2008.  By this point, the plaintiffs may have received the right to sue letters.  Therefore, we will provide plaintiffs thirty (30) days to supplement the record with copies of their right to sue letters or the motion to dismiss with regard to the Title VII claim will be granted without prejudice to plaintiff re-asserting that claim when the "right to sue" letters have been received.

**Conclusion**

For the reasons set forth above, the motion to dismiss will be granted in part and denied in part.  An appropriate order follows.

---

[1] Plaintiffs assert that these letters are the notices of right to sue themselves, but a review of the content of the letters indicate that they are not and that the right to sue letter would be mailed at a later date from the Department of Justice.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONNA DEGROAT and GARY CLARK,** : | No. 3:08cv463 |
| Plaintiffs : | |
| : | (Judge Munley) |
| v. : | |
| **PENNSYLVANIA DEPT. OF TRANSPORTATION, CHARLES DEFEBO, ERIN SODEN and ROBERT COLLINS,** : | |
| Defendants : | |

## ORDER

     **AND NOW**, to wit, this 24th day of March 2009, the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction (Doc. 4) is **GRANTED** to the extent that the complaint asserts a section 1983 claim against the Commonwealth and with respect to the PHRA claim against the Commonwealth.

     Plaintiffs are directed to file their "right to sue" letter within thirty (30) days of the date of this order or the motion to dismiss will be granted with respect to the Title VII claim.

     The motion is **DENIED** in all other respects.

                                          **BY THE COURT:**

                                          **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**